IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE POL-RODRIGUEZ,<br><br>Defendant. | CRIMINAL NO. 10-208 (JAF)<br><br>Received & Filed<br>7/23/10 @ 9:50 AM |



## PLEA AGREEMENT
[Pursuant to Rule 11(c)(1)(B) FRCP]

**TO THE HONORABLE COURT:**

COMES NOW the United States of America, by and through its attorneys, Rosa Emilia Rodriguez-Velez, United States Attorney for the District of Puerto Rico, Jose A. Ruiz, Assistant United States Attorney, Chief Criminal Division, Warren Vazquez, Assistant United States Attorney, Deputy Chief of the Violent Crimes Unit, and Justin R. Martin, Assistant United States Attorney for said District, and Jose Pol-Rodriguez, Defendant, by and through defendant's counsel, Joannie Plaza-Martinez, Esquire, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, and state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

**1. COUNT(S) TO WHICH DEFENDANT PLEADS GUILTY**

The defendant agrees to plead guilty to Count One of the Indictment, charging that the defendant, when attempting to get on Jetblue Airways flight 860 from San Juan, Puerto Rico to Boston, Massachusetts, an aircraft that was in and was intended for operation in air transportation,

did knowingly have on or about his person and property a concealed dangerous weapon that was and would have been accessible to him in flight, all in violation of Title 49, United States Code, Section 46505(b).

## 2. STATUTORY PENALTIES

The defendant understands that the penalty for the above mentioned count is as follows: a term of imprisonment of not more than 10 years.

The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. The defendant cannot be placed on probation, nor have the imposition or execution of the sentence suspended. Further, the defendant acknowledges that parole has been abolished.

## 3. APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES

The defendant is aware that pursuant to the decision issued on January 12, 2005, by the Supreme Court of the United States, in the case of United States v. Booker, 543 U.S. 220 (2005), the Sentencing Guidelines are no longer mandatory and must be considered effectively advisory.



## 4. SPECIAL MONETARY ASSESSMENT

The defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00) per count of conviction to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a).

## 5. FINES AND RESTITUTION

The defendant is aware that the Court may, pursuant to Section 5E1.2 of the Sentencing Guidelines Manual, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered and also that the Court may

impose restitution. As part of this plea agreement, the defendant agrees to execute a financial statement to the United States (OBD Form 500). The United States will make no recommendations as to the imposition of fines or restitution.

6. **RULE 11(c)(1)(B) WARNINGS**

The defendant is aware that the defendant's sentence is within the sound discretion of the sentencing judge, but the same may be imposed following the <u>United States Sentencing Guidelines, Policy Statements, Application, and Background Notes</u> as advisory to the imposition of sentence. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. If the Court should impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

7. **UNITED STATES RESERVATION OF RIGHTS**



The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right: (a) to bring its version of the facts of this case including its file and any investigative files to the attention of the probation office in connection with that office's preparation of a presentence report; (b) to dispute sentencing factors or facts material to sentencing; (c) to seek resolution of such factors or facts in conference with opposing counsel and the probation office.

8. **SENTENCING GUIDELINE CALCULATIONS**

The United States and the defendant agree as to the following Sentencing Guidelines calculations:

| GUIDELINES CALCULATION | |
|---|---|
| **GUIDELINE SECTION** | **PLEA OFFER** |
| Base Offense Level  *(§2K1.5)* | 9 |
| Negligence *(§2K1.5(b)(3))* | No Stipulation |
| Role Related Adjustment *(Aggravating or Mitigating Role)* | N/A |
| Acceptance of Responsibility | -2 |
| **ADJUSTED OFFENSE LEVEL** | 7 or 4 |
| **POTENTIAL GUIDELINE RANGE** *(If Criminal History Category I applies)* | 0-6 |

9. **SENTENCE RECOMMENDATION**

The parties do not stipulate as to whether Section 2K1.5(b)(3) applies, and it shall not be considered a breach of this plea agreement for the defendant to argue for a 3 point reduction at sentencing pursuant to Section 2K1.5(b)(3).

Regardless of whether Section 2K1.5(b)(3) applies, the parties agree and recommend that the defendant be sentenced to a term of imprisonment of <u>**time already served**</u>.



10. **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do not stipulate any assessment as to the defendant's Criminal History Category.

11. **SATISFACTION WITH COUNSEL**

The defendant represents to the Court to be satisfied with counsel, Joannie Plaza-Martinez, Esquire, and indicates that counsel has rendered effective legal assistance.

12. **RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

e. At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

## 13. STATEMENT OF FACTS

The accompanying Statement of Facts signed by the defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt. Further, the defendant agrees that said statement of facts will be used by the sentencing judge in determining the application of any sentencing guidelines in the instant case.

## 14. LIMITATIONS OF PLEA AGREEMENT

Defendant is fully aware that the Court is not bound by this plea agreement, including but not limited to: advisory sentencing guidelines calculations, stipulations, and/or sentence recommendations. In addition, this plea agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant; it does not bind any other federal district, state or local authorities.

## 15. ENTIRETY OF PLEA AGREEMENT

This written agreement and the supplement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations except as set forth in writing in this plea agreement and deny the existence of any other term and conditions not stated herein.

## 16. AMENDMENTS TO PLEA AGREEMENT

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

## 17. WAIVER OF APPEAL

The Defendant hereby agrees that if this Honorable Court accepts this plea agreement and

sentences the Defendant according to its terms, conditions and recommendations, the defendant waives and surrenders the right to appeal the judgment and sentence in this case.

18. **VOLUNTARINESS OF GUILTY PLEA**

The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty.

**ROSA EMILIA RODRIGUEZ-VELEZ**
United States Attorney

_____
Jose A. Ruiz-Santiago
Assistant United States Attorney
Chief, Criminal Division
Dated: 7/22/10

_____
Warren Vazquez
Assistant United States Attorney
Deputy Chief, Violent Crimes Unit
Dated: 7-22-10

_____
Justin R. Martin
Assistant United States Attorney
Dated: 7-22-10

_____
Jose Pol-Rodriguez
Defendant
Dated: 7/23/10

_____
Joannie Plaza-Martinez, Esq.
Counsel for Defendant
Dated: _____

## ACKNOWLEDGMENT

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I fully understand this agreement and I voluntarily agree to it.

7/23/10
Date

José Pol-Rodriguez
Defendant

I am the attorney for the defendant. I have fully explained to the defendant his rights with respect to the pending Information. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of defendant's plea of guilty.

7/23/10
Date

Joannie Plaza-Martinez, Esq.
Counsel for the Defendant

## GOVERNMENT'S VERSION OF THE FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following statement setting forth the United States' version of the facts leading to the defendant's acceptance of criminal responsibility for defendant's violation of Title 49, United States Code, Section 46505(b). If this matter had proceeded to trial, the United States would have presented evidence through live testimony, physical evidence, and documentary evidence, which would have proven beyond a reasonable doubt the following:

On May 17, 2010, at the Luis Munoz Marin International Airport in San Juan, Puerto Rico, Jose Pol-Rodriguez was attempting to board Jet Blue Airline flight number 860, which flight was destined for Boston, Massachusetts. Pol arrived at the Transportation Security Administration ("TSA") security checkpoint, presented his carry-on luggage for x-ray screening, and attempted to pass through the security checkpoint to board the flight. One of the TSA officers noticed irregularities in Pol's luggage on the x-ray, and sent Pol to secondary screening.




During the secondary search, TSA officers found the following items inside Pol's carry-on luggage: one "Guard Dog Security" brand "Elite" stun gun, one can of red pepper spray, four box cutters, and one "flip-it" brand knife.

The evidence the United States would have used in trial, in the form of physical and documentary evidence includes photos and has been provided to the defense in accordance with the Federal Rules of Evidence and this Court's order. The defendant agrees and recognizes that the United States has provided discovery in this case. Had this case gone to trial, the government would have also presented the testimony of law enforcement officers.

The defendant, Jose Pol-Rodriguez, agrees that, when attempting to get on Jetblue Airways flight 860 from San Juan, Puerto Rico to Boston, Massachusetts, an aircraft that was in and was

intended for operation in air transportation, did knowingly have on or about his person and property a concealed dangerous weapon that was and would have been accessible to him in flight, all in violation of Title 49, United States Code, Section 46505(b).

_____
Jose Pol-Rodriguez
Defendant
Dated: 7/27/10

_____
Justin R. Martin
Assistant United States Attorney
Dated: 7-22-10

_____
Joannie Plaza-Martinez, Esq.
Counsel for Defendant
Dated: 7/23/10